United States District Court
Southern District of Texas
**ENTERED**
April 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES LOGAN DIEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00063 |
| | § | |
| JANE DOE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS CASE**

Plaintiff James Logan Diez is a Texas inmate appearing *pro se* in this prisoner civil rights action. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's case be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is housed at the McConnell Unit in Beeville, Texas.

Plaintiff paid the full filing fee in this case, although he is appearing *pro se*. In this action, Plaintiff sues: (1) Jane Doe Law Librarian Supervisor; (2) Warden Jerry Sanchez; (3) TDCJ Regional Director Elbert Holmes; and (4) unknown possible other defendants. Plaintiff raises claims in connection with his inability to vote while an inmate at the TDCJ McConnell Unit, or more specifically, with the defendants failure to provide Plaintiff any assistance with his efforts to vote.

On April 10, 2024, the undersigned conducted a *Spears*[1] hearing where Plaintiff was given an opportunity to explain his claims. The following representations were made either in Plaintiff's Original Complaint (D.E. 1), Plaintiff's Memorandum of Law (D.E. 2) or at the *Spears* hearing.

In December 2018, Plaintiff was charged with felony offenses in *State v. James Diez*, No. 48895, 424th District Court, Burnet Co., Texas. Plaintiff was convicted after a jury trial and he was sentenced to 30 years custody on May 17, 2022. Plaintiff filed a notice of appeal on May 25, 2022. Plaintiff's criminal case is currently on appeal. *See James Logan Diez v. State of Texas,* No.03-22-00337-CR, Court of Appeals, 3rd District of Texas. The case was submitted to the state appellate court on the parties' briefing on March 27, 2024. As of the date of this Memorandum and Recommendation, the Court of Appeals for the 3rd District of Texas has not issued or rendered a decision.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff was released on bond during the trial of his criminal case, although he was remanded into custody after he was convicted. After his conviction, Plaintiff was initially detained temporarily in the Burnet County Jail. In July 2022, Plaintiff was transferred to the TDCJ Byrd Unit in Huntsville, Texas, for inmate intake procedures. Plaintiff was then transferred to the McConnell Unit in Beeville, Texas in August 2022 where he remains.

Prior to being incarcerated, Plaintiff was registered to vote in Burnet County, Texas. Plaintiff testified at the *Spears* hearing that he has been registered to vote since May 2016 and he believes he is still registered to vote. Voting is important to Plaintiff. Upon arrival at the McConnell Unit, Plaintiff began asking officers and writing I-60 request forms for information about how to vote. While several officers and TDCJ officials told Plaintiff they would look into it and get back with him, without exception, no one ever followed up with Plaintiff regarding information about how to vote. Plaintiff never received a written response to any of these I-60 request forms. At some point, Plaintiff was told to ask the law librarian for assistance. However, Plaintiff's Memorandum of Law cites the TDCJ-CID Offender Orientation Handbook which according to Plaintiff states in relevant part, "Information regarding how to contact the Registrar of voters in your county or the Elections Division of the Secretary of State's Office is available in the unit law library." (D.E. 2, p. 1).

Plaintiff spoke to each named Defendant in person and asked: "How do I vote from this (McConnell) Unit? I'm already registered – I just need to know how to vote?" (D.E. 1, p. 5). The law librarian Supervisor told Plaintiff, "I don't have a clue!" When asked:

"Will you find out for me?" she answered "Not my job," and ordered Plaintiff to housing. (D.E. 1, p. 5).  The law librarian supervisor is further alleged to have told Plaintiff, "I didn't know prisoners can vote!" and "I don't know why they sent you to me." Additionally, Plaintiff alleges the law librarian supervisor did not respond to his five to six  I-60 forms in which he requested information about how to vote.  Plaintiff also alleges he spoke with Warden Sanchez and Director Holmes[2] in person about his difficulty getting information about how to vote.  Plaintiff alleges these defendants told him they would look into the matter but neither followed up with Plaintiff.

Plaintiff testified at the *Spears* hearing that he did not file a Step 1 or Step 2 grievance in connection with this action.  Plaintiff testified the McConnell Unit grievance officer told him certain type of matters cannot be grieved, including matters relating to inmate voting.  Plaintiff did not file any grievance against any defendant for interfering with his right to vote or refusing to provide the address of the Texas Secretary of State or the Burnet County Elections Administrator.[3]  Plaintiff testified he did not try to contact these officials because he did not know their address and also because there is an unspecified law that does not require Texas governmental agencies to respond to inmates.

Plaintiff further testified that many years ago he had previously been incarcerated in a TDCJ facility.  Plaintiff testified during his prior incarceration, the TDCJ units

---

[2] Plaintiff testified this encounter occurred when Director Holmes was visiting the McConnell Unit.

[3] The undersigned provided Plaintiff with the business addresses for these officials during the *Spears* hearing and cautioned Plaintiff that he will be ineligible to vote when his conviction becomes final.

provided voting assistance to inmates who were eligible to vote. Plaintiff alleges this type of voter assistance is not available to him at the McConnell Unit.

Plaintiff alleges each of the defendants deprived him of the right to vote by refusing to provide information and by being deliberately indifferent to his voting rights. (D.E. 1, p. 4). In Plaintiff's Memorandum of Law and Clarification of Claims, Plaintiff alleges "each defendant violated Plaintiff's Federal Constitutional rights under the First Amendment's 2nd clause; the Fifth Amendment's 4th Clause; the Fifteenth Amendment's 1st clause, the U.S. Voting Rights Act; Tex. Election Code, 82.004(a)(3) & 82.003; Tex. Constitution Art. I., Sec.'s 3.3a-19 and 29; as well as TDCJ-CIDs published policy." (D.E. 2, p. 8). Plaintiff is seeking actual and punitive damages as well as injunctive relief.

## III.    LEGAL STANDARD

When a prisoner seeks files an action seeking redress from an governmental entity, officer, or employee, the Court shall review the complaint as soon as practicable. 28 U.S.C. § 1915A. The Court shall dismiss the complaint, or any portion of it, without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff

the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law

if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties.  *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.    DISCUSSION

The Supreme Court has recognized that the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections. *Reynolds v. Sims*, 377 U.S. 533, 554 (1964).  "Voting rights are fundamental, and alleged disfranchisement of even a small group of potential voters is not to be taken lightly." *O'Brien v. Skinner*, 409 U.S. 1240, 1242 (1972).  In *O'Brien*, the Court found denying pretrial detainees the ability to utilize absentee voting provisions or any alternative means voting violated the equal protection clause of the Fourteenth Amendment so long as they were otherwise eligible to vote.  *O'Brien v. Skinner*, 414 U.S. 524, 525, 530-31 (1974).

While it may come as a surprise to many people, including the undersigned, certain inmates serving sentences in Texas prisons may be entitled to vote.  The Texas Constitution lists the classes of persons not allowed to vote.  This list includes "persons convicted of any felony, subject to such exceptions as  the Legislature may make."  TEX. CONST., Art. 6, Sec. 1 (a)(3).  The Texas Election Code lists the requirements for a person to be a "qualified voter."  TEX. ELEC. CODE § 11.002.  Included among the requirements are that the person:

> (4) has not been ***finally convicted*** of a felony or, if so convicted, has (A) fully discharged the person's sentence, including any term of incarceration, parole,

or supervision, or completed a period of probation ordered by any court; or
(B) been pardoned or otherwise released from the resulting disability to vote;

TEX. ELEC. CODE § 11.002(a)(4)(emphasis added).

In Plaintiff's case, his prior felony convictions from the 1980s have been fully discharged and therefore, under the Texas Election Code, no longer disqualify him from voting. At the time of this Memorandum and Recommendation, the 2022 conviction for which Plaintiff is currently incarcerated is on direct appeal before the Court of Appeals for the 3rd District of Texas. The Texas Election Code does not define the words "finally convicted" but under Texas law, a conviction is not final while an appeal is pending. "When a defendant gives notice of appeal in the trial court when he or she was convicted of the prior offense, that action prevents the conviction from becoming final until the appeal has been decided. It is a conviction, but not a final conviction so long as the appeal is pending." 2 Tex. Prac. Guide: Crim. Prac. & Proc. § 25:141 (2023); *See also March v. State,* 5 Tex. App. 450, 456 (1879) ("[I]n a criminal prosecution, when the accused has taken an appeal in the manner prescribed by law, the proceeding is still pending and undetermined until the appeal shall have been decided[.]").

The Texas Election Code recognizes that certain incarcerated persons may have the right to vote. TEX. ELEC. CODE § 11.002. The Code also provides a procedure for eligible incarcerated voters to vote early by mail. TEX. ELEC. CODE § 84.001 *et seq*. The procedure requires the inmate to make an application to the early voting clerk who serves the precinct of the applicant's residence. *Id.* at § 84.001(d). The application must be submitted in writing and be signed by the applicant. *Id.* at 84.001(b). The Code includes

8 / 18

the required contents of the application for ballot. *Id.* at 84.002. The applicant is not required to use an official form. *Id.* at 84.001(c). However, the official forms are available and the early voting clerk is required to mail without charge an appropriate official application form to each applicant requesting the clerk to send the applicant an application form. *Id.* at 84.012.[4] Once the application is approved, the voting clerk will then send the applicant a ballot which may be sent to the voter's election official by mail.

Thus, for purposes of this screening Memorandum and Recommendation, at the time of this writing, the undersigned finds Plaintiff has pleaded sufficient facts to raise a plausible inference that the conviction for which Plaintiff is incarcerated does not currently serve as a disqualifying conviction under the Texas Election Code because this case is on direct appeal and is undecided. Further, for purposes of this screening Memorandum and Recommendation, the undersigned accepts Plaintiff's testimony that he was at the relevant time a registered voter who was authorized to vote in Burnet County, Texas.

The question in this case is whether Plaintiff has pleaded any plausible claim against any of the defendants. Plaintiff alleges the defendants deprived Plaintiff the right to vote by refusing to provide him information and/or by being deliberately indifferent to his voting rights. (D.E. 1, p. 4). Plaintiff characterizes these claims as being brought under the First Amendment's 2nd clause; the Fifth Amendment's 4th Clause; the Fifteenth Amendment's 1st clause, the U.S. Voting Rights Act; Tex. Election Code, 82.004(a)(3) &

---

[4] A current Texas Application for a Ballot by Mail which meets the statutory requirements is attached to this M&R.

9 / 18

82.003; Tex. Constitution Art. I., Sec.'s 3.3a-19 and 29; as well as TDCJ-CIDs published policy." (D.E. 2, p. 8).

The gravamen of Plaintiff's claims are that the defendants did something to deprive or interfere with his right to vote. With regard to the law librarian, Plaintiff asked her for information about how to vote. The law librarian is alleged to have told Plaintiff, "I don't have a clue." (D.E. 2, p. 5). When Plaintiff asked the law librarian to find out, she told him, "it's not my job." (D.E. 2, p. 5). Plaintiff alleges he personally spoke separately with Warden Sanchez and Director Holmes and asked for assistance voting. Both defendants are alleged to have told Plaintiff they would look into the matter and get back with him. Plaintiff alleges he never received any response from either Warden Sanchez and Director Holmes. With regard to the "unknown possible other defendants," Plaintiff has alleged no facts at all.

Plaintiff's pleadings and *Spears* hearing testimony make it clear that none of the defendants did anything to interfere with Plaintiff's right to vote. Plaintiff's pleadings and *Spears* hearing testimony indicate Plaintiff had and continues to have access to Texas Election Code at the McConnell Unit law library. Plaintiff cites the provisions of the Texas Election Code in his briefing. (D.E. 2). The Code sets forth the procedures to submit an application for a ballot by mail to the voting clerk. Plaintiff never submitted an application for a ballot by mail. In fact, Plaintiff never requested such an application or any information from the voting clerk. Even if Plaintiff had difficulty obtaining an application, the official form is not required. The Court understands the difficulties Plaintiff had and

continues to have, as an inmate, in obtaining information about his right to vote and with exercising this right while an inmate.

Plaintiff has alleged that none of the defendants, in fact no one in TDCJ, provided Plaintiff any meaningful assistance or information with regard to Plaintiff exercising his right to vote. For this reason, during the *Spears* hearing, the undersigned provided Plaintiff with the address of the voting clerk for Burnet County and the Texas Secretary of State. Nevertheless, the difficulty Plaintiff faced obtaining information about how to vote and the lack of assistance he received from the defendants does not amount to a violation of any constitutional or statutory right of Plaintiff.

The present case is similar to *Glover v. Garza*, No. 1:22-cv-2023, 2023 WL 3628596 (S.D. Tex. Mar. 3, 2023), *recommendation adopted*, 2023 WL 3632761 (S.D. Tex. May 24, 2023). In *Glover*, the plaintiff was a pretrial detainee who alleged he was eligible to vote in the November 8, 2022 general election who submitted inmate request forms and spoke to correctional officers about his desire to vote. *Id.* at *1. The correctional officers either ignored his requests or failed to respond to him. The District Court granted the defendants' motion to dismiss. *Id.* at 4. The Court found none of the defendants had done anything to interfere with Glover's right to vote. The court further found Glover had not attempted to seek a mail-in ballot and had not stated a claim against any defendant. *Id.* at *3.

While Plaintiff characterizes his claims as one of "deliberate indifference" rather than an intentional act by a defendant, he has failed to allege facts to make such a claim

plausible. Plaintiff's Memorandum of Law cites the TDCJ-CID Offender Orientation Handbook, which provides information to inmates about obtaining voting information. (D.E. 2, p. 1). The handbook states: "Information regarding how to contact the Registrar of Voters in your county or elections division of the Secretary of State's Office is <u>available in the Unit Law Library</u>." (D.E. 2, p. 1, Plaintiff's emphasis). The handbook directs Plaintiff to contact the voting officials in Plaintiff's county or the Texas Secretary of State. The handbook does not suggest to Plaintiff that the law librarian or any other TDCJ official is the source of voting information for inmates. Rather, Plaintiff is instructed to request from the law librarian the address of the official who can provide this information. Contacting the voting officials is entirely consistent with the provisions of the Texas Election Code.

Plaintiff's Complaint and Memorandum of Law all allege Plaintiff asked for information how to vote. Plaintiff has not alleged he requested any of the defendants to provide him with the address of any voting official or that such a request was denied. The inmate handbook explained to Plaintiff how to obtain voting information from his county and state voting officials, not TDCJ officials. Plaintiff failed to follow those instructions. While TDCJ officials could certainly do more to provide voting assistance to eligible inmates, Plaintiff's failure to follow the procedures in place weigh heavily against him. Plaintiff has failed to allege any plausible constitutional violation of his voting rights where the factual pleadings indicate he knew of, and failed to follow, the TDCJ procedures in the inmate handbook on how to obtain this information.

It is possible Plaintiff may seek to amend his complaint by now alleging he did ask the law librarian for the address of the voting official for his county.  Plaintiff should not be granted further leave to amend because Plaintiff had the opportunity to explain his claims at the *Spears* hearing.[5]  Further, any amendment would be futile as he has failed to exhaust his administrative remedies. The TDCJ provides a two-step procedure for presenting administrative grievances.  *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam).  Plaintiff testified at the *Spears* hearing that he did not file a Step 1 or Step 2 TDCJ grievance with regard to the claims in this lawsuit.  The Prison Litigation Reform Act, 42 U.S.C. § 1997e, requires inmates to exhaust their administrative remedies prior to filing suit.  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). The Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate ... from its textual mandate."  *Ross v. Blake*, 578 U.S. 632, 639-40 (2016); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

---

[5] Inmates should be accorded leniency and be permitted the explain or expound on the facts that form the basis of their claims. *Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). A *Spears* hearing is in the nature of a motion for more definite statement.  *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990).

To be clear, the undersigned is not recommending dismissal based on Plaintiff failing to exhaust, but rather that Plaintiff not be allowed to amend because such amendment would be futile.[6] Plaintiff has filed a brief in which he explains his reasons for not exhausting his administrative remedies. Should this case advance beyond screening, the Court will fully address Plaintiff's failure to exhaust. Nevertheless, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). One purpose of the grievance process and exhaustion requirement is to allow the appropriate officials an opportunity to remedy the dispute prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Had Plaintiff filed a grievance explaining that the law librarian was refusing to provide him the address of his voting official and that in doing so she was violating not only the inmate handbook but also was unconstitutionally interfering with his right to vote, TDCJ officials would have had an opportunity to intervene and resolve the problem. Plaintiff's failure to exhaust is not dissimilar to his failure to follow the guidance in the inmate handbook regarding how to obtain the address of the election official. Plaintiff cannot raise a plausible claim regarding interference with his right to vote where he failed to follow the institutional procedures for obtaining voting assistance. Plaintiff would be well advised to follow

---

[6] Failure to exhaust is an affirmative defense under the PLRA. Inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *See also Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007) (Sua sponte dismissal of an inmate's complaint for failure to exhaust is not proper).

institutional procedures, whether it be exhausting his administrative remedies in future disputes with TDCJ officials or otherwise.

Plaintiff has shown he is capable of corresponding with the Court, making coherent arguments and citing appropriate statutory and other legal authorities. Plaintiff has access to the Texas Election Code which provides the procedures and requirements for voting by mail. Plaintiff has even cited provisions of the Texas Election Code in his briefing. Plaintiff failed to follow simple instructions to ask the unit law librarian for the address of the election official where Plaintiff is registered to vote and then to request that official to provide him with an application to vote by mail or other voting assistance. However while Plaintiff characterizes his claims under the 1st, 5th, or 15th, the U.S. Voting Rights Act; Tex., Election Code, Tex. Constitution, or TDCJ-CIDs published policy, he has not alleged facts to raise a plausible claim any of his rights were violated.[7]

## V.    RECOMMENDATION

For the reasons stated above and for purposes of § 1915A, the undersigned recommends that: Plaintiff's case be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

---

[7] Additionally, there is no private right of action for damages under the Texas Constitution. *Reynolds v. City of Com., Te*xas, 853 F. App'x 978, 980 (5th Cir. 2021). Plaintiff has been provided contact information for his voting officials so any claim for injunctive relief is moot. Plaintiff has not alleged facts indicating a violation of any TDCJ policy, but even a violation of TDCJ policy does not necessary constitute a constitutional violation. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) (citing *Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989)).

Respectfully submitted on April 24, 2024.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).

18 / 18

DO NOT REMOVE PERFORATED TABS. Moisten here and fold bottom up to top to seal

## Application for a Ballot by Mail

**If someone helps you complete this form or mails, emails or faxes this form for you,** that person **must complete the Witness/Assistant Box 6 below. If you email or fax this form to the Early Voting Clerk,** you **must** also send the original hardcopy to the Early Voting Clerk. **If you are faxing or emailing this form on or near the deadline to apply for a Ballot by Mail,** you **must** send the original hardcopy so that the Clerk receives it no later than the fourth business day after the day the Clerk received your email or fax. **Original signatures are required on both the fax or email image and the physical hard copy.** Electronic signatures are not permitted. **THE HARDCOPY OF THIS APPLICATION MUST BE RECEIVED BY THE EARLY VOTING CLERK AND MEET ALL LEGALLY REQUIRED DEADLINES. Please read the instructions** on the back of this form completely. **If you have any questions, please call the Early Voting Clerk in your county of registration** or the office of the Texas Secretary of State at 1-800-252-8683 or log on to www.sos.texas.gov for a list of County Early Voting Clerks and their email and physical addresses.

### 1. Voter Information:  Please print all information clearly and legibly

**YOU MUST PROVIDE ONE of the following numbers**

Name: _____
　Last,　　　　　First,　　　　Middle　　　Suffix (Jr., Sr.)

**Residence Address as shown on your Voter Registration Certificate**

Address: _____
　Street　　　Apt. # (if any)　City　　State　Zip Code

**Optional Information:** Providing this information is helpful to the Early Voting Clerk to clarify any information on this application and/or your voted mail ballot.

Date of Birth: _____ / _____ / _____　VUID #: _____　Pct #: _____

Email: _____　Tel. #: _____

Texas Driver's License, Texas Personal Identification Number or Election Identification Certificate Number issued by the Department of Public Safety (NOT your voter registration VUID#)

___ ___ ___ ___ ___ ___ ___ ___

If you do not have a Texas Driver's License, Texas Personal Identification Number or a Texas Election Identification Certificate Number, give the last 4 digits of your Social Security Number

X X X - X X - ___ ___ ___ ___

☐ I have not been issued a Texas Driver's License/Texas Personal Identification Number/Texas Election Identification Certificate or Social Security Number

### 2. Mail my Ballot to:

☐ My Residence Address (as listed on my Voter Registration Certificate)

☐ Other Address - You may use the Other Address line only if the other address fits one of the categories below.

Address _____
　Address　　Apt. # (if any)　City　　　State　　Zip Code

**My Other Address is: (Check one)**
☐ The mailing address listed on my Voter Registration Certificate
☐ Address Outside the County (voters absent from the county)
☐ Hospital, Nursing Home, Long-Term Care Facility, Retirement or Assisted Living Center or a Relative _____ (Indicate Relationship)
☐ Address of the Jail/Civil Commitment Facility or a Relative _____ (Indicate Relationship)

### 3. Reason For Voting by Mail:

☐ 65 Years of Age or Older

☐ Disability (as defined in Texas Election Code 82.002(a), see instructions on reverse) By checking this box, I affirm that, "I have a sickness or physical condition that prevents me from appearing at the polling place on election day without a likelihood of needing personal assistance or injuring my health."

☐ Expected to give birth within three weeks before or after Election Day

☐ Expected Absence from the County (You may apply for a ballot for one election and its resulting runoff, if your dates of absence from the county include both elections)

　Date you can begin to receive mail at your out of county address: _____ / _____ / _____　Date of return to residence address: _____ / _____ / _____

☐ Confined in Jail or Involuntary Civil Commitment (You may only apply for a ballot for one election and any resulting runoff)

### 4. Send me a Ballot for the Following Elections:

☐ **Annual Application**
Send me a ballot for all Elections in this voting year (January – December) Annual Applications only available for voters 65 and older and voters with disabilities.  You must select a party if you wish to vote in a primary.  Select only one party's primary and its resulting runoff.

**Primary Election** (even numbered years only)
☐ Democratic Primary　☐ Any Resulting Runoff
☐ Republican Primary　☐ Any Resulting Runoff
☐ Do Not Send me a Primary Ballot

**OR**

**Uniform Election Dates**
☐ November Election　☐ May Election (not a primary runoff)
☐ Any Resulting Runoff　☐ Other Special Election: _____
　　　　　　　(Name or Date of Special Election, if known)

**Primary Election** (even numbered years only)
☐ Democratic Primary　☐ Any Resulting Runoff
☐ Republican Primary　☐ Any Resulting Runoff

(Voters who are absent from the county or confined in jail/civilly committed may only apply for one election and its resulting runoff.)

### 5. Sign Here:

**"I certify that the information given in this application is true, and I understand that giving false information in this application is a crime."**

X _____　Date: _____ / _____ / _____

If applicant is unable to sign or make a mark (in the presence of a witness), the witness must complete the witness portion in Box 6 below. The signature or mark of the voter in the blank above must be an original signature made with a pen and ink.  Electronic signatures are not permitted.

### 6. If someone helps you complete this form or mails, emails or faxes the form for you, that person must complete the section below.

**Instructions for Witnesses and Assistants:** See back of this form for the definitions of Witness and Assistant.

**Check one or both boxes below if you served as a Witness, an Assistant or both.  All information below must be completed!**
☐ If the applicant is unable to make a mark, you must check this box and complete all information below.  Do not sign for the voter in Box 5.
☐ Witness – If you are acting as a Witness to the applicant's signature or mark or signing on the applicant's behalf, you must state your relationship to the applicant here: _____ (Indicate Relationship)
☐ Assistant – If you assisted the applicant in completing this application in the applicant's presence or mailed/emailed/faxed the application on behalf of the applicant.

**Failure to complete this section is a Class A Misdemeanor if applicant's signature was witnessed or applicant was assisted in completing this application.**

X _____　　_____
　Signature of Witness/Assistant　　　　　　Printed Name of Witness/Assistant

_____
Street Address　　Apt. # (if any)　City　　　State　　Zip Code

*Este formulario está disponible en Español.  Para conseguir la versión en Español favor llamar sin cargo al 1-800-252-8683 a la oficina del Secretario de Estado o la Secretaria de Votación Adelantada.*

FROM: _____

_____

_____

APPLY FIRST
CLASS MAIL
POSTAGE HERE



OFFICIAL
ELECTION MAIL
*Authorized by the U.S. Postal Service*
®

**TO: EARLY VOTING CLERK**

_____

_____

---

**Instructions for Application for Application for Ballot by Mail**

**BOX 1:**
- **Name:** Please give your full name as it was provided to the Voter Registrar and include any suffixes like Jr., Sr., or III.
- **Date of Birth:** Not a requirement but it is helpful to determine identity when voters have common names.
- **Address:** Give your full residence address as shown on your Voter Registration Certificate.
- **VUID and Precinct Number:** If you know your VUID and/or Precinct number, you may provide it, but it is not a requirement.
- **Phone Number and Email Address:** Providing your telephone number and email is not required but is extremely helpful to the Early Voting Clerk to clarify any information on this application and/or your voted mail ballot.
- **Required Personal Information: You MUST provide one of the following numbers:** Texas Driver's License Number, Texas Personal Identification Number or Election Identification Certificate Number **(NOT your VUID#)**. If you do not have one of the above mentioned numbers, you must provide the last 4 digits of your Social Security Number. If you have not been issued any of the required numbers, check the box that says that you have not been issued one of the required numbers. If you have been issued one of the required numbers, but it is not associated with your voter registration record, please contact your local registrar to inquire about how to add one of the required numbers to your voter registration record.

**BOX 2:**
Your ballot must be mailed to the address where you are registered to vote or the mailing address listed on your Voter Registration Certificate. **There are some exceptions that allow you to have your ballot mailed to a different location.**
- **If you are voting by mail because you are 65 or have a disability** – Your ballot can be mailed to a hospital, nursing home, long-term care facility, retirement or assisted living facility or a relative.
- **If you are absent from the county** – Your ballot must be mailed to an address outside the county.
- **If you are confined in jail or involuntarily civilly committed** – Your ballot can be mailed to the address of the jail/commitment facility or a close relative.

**BOX 3:**
The State of Texas requires that you provide a reason for voting by mail. Place a checkmark in the box that best describes your reason for voting by mail.
- If you choose **65 Years of Age or Older**, you must turn 65 no later than Election Day.
- If you choose **Disability**, your disability must meet the definition of a disability as described in Section 82.002(a) of the Texas Election Code.
- If you choose **Confinement for Childbirth**, you expect to give birth within three weeks before or after Election Day.
- If you choose **Expected Absence from the County**, you must expect to be absent from the county on Election Day and during the hours of early voting by personal appearance or the remainder of the early voting period after you submit your application. The ballot must be mailed to an address outside the county and you must provide the dates that you will be absent from the county.
- If you choose **Confined in Jail/Involuntary Civil Commitment under Chapter 841 of the Health and Safety Code**, you must be legally eligible for Early Voting by Mail. At the time your early voting ballot application is submitted, you are either (1) confined in jail serving a misdemeanor sentence for a term that ends on or after Election Day; (2) pending trial after denial of bail; (3) without bail pending an appeal of a felony conviction; (4) pending trial or appeal on a bailable offense for which release on bail before Election Day is unlikely or (5) you are involuntarily civilly committed.

**BOX 4:**
Please select the election(s) for which you are applying.
**Annual Application** – Only voters who are 65 or older or who have a disability are eligible to apply for an Annual ballot by mail. An Annual ballot by mail will provide you with a ballot for all the elections

**BOX 4 (CONTINUED)**
in a calendar year for which you are eligible. Your Annual Application may be forwarded to other entities holding elections in which you are eligible to vote. This means that you may receive a ballot for those other elections in addition to the ballot you requested with this application. If you do not select any elections in Box 4, your application will be considered an Annual Application if your reason for voting by mail was 65 Years of Age or Older or Disability.

**BOX 5:**
Sign and date your application. If you are unable to sign because of a physical disability or illiteracy, the application may be signed for you by a witness in Box 6. The witness must be in the presence of the voter in order to act as a witness.

**BOX 6:**
- **Witness** – The witness **must** place a checkmark in the Witness Box indicating you were unable to make your mark. The witness **must** state his or her relationship to you. If the witness is not a relative, the witness **must** state that on the line provided. The witness **must** sign and provide his or her printed name and residence address. It is a Class B Misdemeanor to act as a witness for more than one application in each election or act as a witness for more than one Annual ballot by mail application in a calendar year.
- **Assistant** – If a person (other than a close relative or person registered to vote at the same address) assists you in completing this application; or mails, faxes or emails this application on your behalf, the assistant **must** complete Box 6. The assistant must sign and provide his or her printed name and residence address. An assistant commits a Class A Misdemeanor if he or she provides assistance without providing the information required in Box 6.

**DEADLINE TO APPLY:**
**Your application must be received by the Early Voting Clerk** not later than the 11th day before Election Day. If the deadline falls on a weekend or holiday the deadline moves to the first preceding business day. An application may be submitted anytime in the calendar year but not later than the 11th day for the election in which you wish to vote. **Annual Applications** - If you submit an Annual Application (only available for voters 65 and older and voters with disabilities), within 60 days of an election that takes place in the following calendar year, your application will be valid for all elections in the following calendar year. This 60 day rule applies only to Annual Applications and only when there is an election within 60 days of the date the Annual Application was received by the Early Voting Clerk in the preceding year.

**SUBMITTING THE APPLICATION:**
The application must be submitted by one of the following methods:
- **In-Person** – Only the applicant may submit his or her own application to the Early Voting Clerk.
- **By Mail** – The application may be submitted via the U.S. Postal Service.
- **Common or Contract Carrier** – The application may be submitted via a bona fide, for profit carrier.
- **Fax Transmission** – Please contact your Early Voting Clerk or the Secretary of State for fax numbers.
- **By email** – The application may be submitted via email. Please contact your Early Voting Clerk or the Secretary of State for email addresses.

The fax or email must reach the Early Voting Clerk's office no later than the close of regular business or 12:00 noon, whichever is later on the 11th day before Election Day.
IF YOU FAX OR EMAIL THE APPLICATION YOU MUST ALSO PHYSICALLY SEND THE ORIGINAL TO THE EARLY VOTING CLERK SO THAT IT IS RECEIVED NO LATER THAN THE FOURTH BUSINESS DAY AFTER IT WAS RECEIVED BY FAX OR EMAIL.